# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN SYKES,

      Plaintiff-Appellant,

v

PHOENIX PROMOTIONS, LLC, doing business
as BLACKBERRY BAR & GRILL, and CORTEZ
SMITH,

      Defendants-Appellees.

UNPUBLISHED
October 25, 2018

No. 338476
Wayne Circuit Court
LC No. 16-006474-NO

Before: MURRAY, C.J., and BORRELLO and RONAYNE KRAUSE, JJ.

MURRAY, C.J. (*concurring*).

I agree with the majority opinion's conclusion to reverse the trial court's order granting defendants' motion for summary disposition, but write separately to briefly explain why a genuine issue of material fact exists despite the limited circumstances under which the merchant's duty can arise.

It is a general rule that merchants do not have a duty to protect invitees from an unreasonable risk that is unforeseeable. *MacDonald v PKT, Inc*, 464 Mich 322, 332; 628 NW2d 33 (2001). Instead, a duty arises only on behalf of those specifically identifiable invitees that are " 'readily identifiable as [being] foreseeably endangered.' " *Id*. (quotation marks and citations omitted; alteration in original).

When it comes to criminal acts committed on the premises, it is likewise well-settled that a "merchant can assume that patrons will obey the criminal law." *Id*. at 335. According to the *MacDonald* Court: "This assumption should continue until a specific situation occurs on the premises that would cause a reasonable person to recognize a risk of imminent harm to an identifiable invitee. It is only a *present situation* on the premises, not any past incidents, that creates a duty to respond." *Id*. (emphasis added). It is important to recognize that the duty imposed upon merchants "is not based upon the general question whether a criminal act was foreseeable, but, rather, *once a disturbance occurs on the premises*, whether a reasonable person would recognize a risk of imminent harm to an identifiable invitee." *Id*. at 339 (emphasis added). And it bears repeating that "a merchant has no obligation to anticipate the criminal acts of third parties." *Id*.

1

The trial court concluded that no genuine issue of fact existed, and that no duty could be imposed upon defendants, because there was not an ongoing situation that a reasonable person would recognize as a risk of imminent harm to plaintiff. This conclusion was based upon plaintiff's testimony that after the altercation ended, he and the unidentified shooter remained on the premises for approximately 30 minutes, and plaintiff felt the situation had ended. Additionally, plaintiff admittedly remained on the premises for an additional 30 minutes or so until leaving, which was when he was shot.

But the risk of imminent harm did exist at the time defendants' employee[1] was informed that there was an altercation, and that the unidentified individual had a gun. *At that point*, when defendants were informed of the situation, a reasonable juror could conclude that there was an ongoing situation that one would recognize as creating a reasonable risk of harm to plaintiff, and that defendants should have acted upon this duty. The criminal act arose from a situation that occurred on the premises, and there is at least some evidence defendants were made aware of the situation and the potential for imminent harm, i.e., that there was an altercation and one of the participants possessed a gun. Caselaw supports this conclusion, see *MacDonald*, 464 Mich at 334, and evidence that the situation had temporarily calmed does not sufficiently detract from the fact that there was an ongoing situation *at the time defendants were notified* of the altercation and the gun. For this reason, the trial court erred in granting defendants' motion for summary disposition on this issue.


/s/ Christopher M. Murray

---

[1] Defendants makes much out of the fact that their employees testified that no bouncers were employed or utilized by the bar that evening. However, the use of the term "bouncers" came from defense counsel's question, not plaintiff. In other words, plaintiff did not independently testify that a bouncer was informed about the gun, but defense counsel asked whether a bouncer was informed.